UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SARAH ZUBAIR,                           No. 2:10-cv-01112-MCE-EFB

      Plaintiff,

  v.                                    ORDER

L'OREAL USA, INC., WALGREEN CO., and DOES 1 through 10,

      Defendants.

----oo0oo----

This action, originally commenced in the Superior Court of California in and for the County of San Joaquin, was removed by Defendants to this Court on May 5, 2010.  Jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Plaintiff now moves to remand the matter to state court on grounds that Defendants' removal petition was untimely, or, alternatively, that Defendants have not demonstrated the prerequisites for diversity jurisdiction.  As set forth below, the Court reject Plaintiff's contentions.

///

1

1    Turning first to Plaintiff's untimeliness argument, she
2 asserts that because service was effected on December 24, 2009,
3 and because removal was not effected until more than thirty days
4 later in contravention of 28 U.S.C. § 1446(b), the Court should
5 reject Defendants' removal as late.  Examination of Plaintiff's
6 complaint, however, indicates that it was a form pleading
7 asserting only that damages exceeded $25,000.00 and that
8 Plaintiff was injured by use of a hair dye product manufactured
9 and/or sold by Defendants.  Nothing in the complaint suggested
10 damages in excess of the $75,000.00 threshold needed to support
11 diversity jurisdiction under 28 U.S.C. § 1446(b).  In order to
12 trigger the applicable thirty-day removal period, the facts
13 supporting removal must be evident on the face of the event.
14 See, e.g., Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694
15 (9th Cir. 2005).
16    To the contrary, the evidence presented shows that it was
17 not until April 14, 2010, when Plaintiff served her Statement of
18 Damages indicating that a total of $401,000.00 was being sought
19 in general and special damages, that Defendants were on notice
20 that damages exceeded the jurisdictional minimum.  (See Ex. "E"
21 to Removal Pet.).  That notice was reiterated some ten days later
22 on April 23, 2010, when Plaintiff served interrogatory responses
23 enumerating a total of $550,989.00 in claimed damages.  Id. at
24 Ex. "F", No. 48.  As stated above, Defendants thereafter removed
25 the case on May 5, 2010, less than thirty days after both events.
26 That removal was timely.
27 ///
28 ///

1    In addition to asserting untimeliness, Plaintiff also takes
2 the position that despite Plaintiff's interrogatory responses and
3 Statement of Damages, both of which reflected damages substantially
4 in excess of the jurisdictional minimum, Defendants still failed
5 to meet their burden of proof in that regard.  In essence,
6 Plaintiff urges this Court to disregard her own discovery
7 responses and find that Plaintiff's damages could not possibly
8 exceed $75,000.00 despite the implications of her own evidence.
9 The Court finds that argument to be patently untenable.  In order
10 to preserve their right to remove this matter to federal court,
11 Defendants had no choice but to remove this case within thirty
12 (30) days after their receipt of the aforementioned discovery.
13 Defendants properly relied on that discovery to establish
14 jurisdiction and satisfied its burden of proof in doing so.[1]

15    Given the foregoing, Plaintiff's Motion to Remand (Docket
16 No. 6) is DENIED.[2]

17    IT IS SO ORDERED.

18 Dated: July 23, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] While Plaintiff initially argued that Defendants also failed to meet its burden of proof in establishing Plaintiff's California citizenship, the reply concedes that Defendants' burden was satisfied in that regard and withdrew Plaintiff's contention that her citizenship was not properly shown.  Pl.'s Reply, 4:4-6.

[2] Because oral argument was not deemed to be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

3